UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN ANTHONY SCHEAFFER ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-8638 |
| BALBOA INSURANCE COMPANY ET AL. | SECTION: "J"(2) |

**ORDER AND REASONS**

Before the Court is the Plaintiffs' **Motion to Remand and Request for Attorney's Fees and Costs (Rec. Doc. 5)**. Defendants filed an opposition (Rec. Doc. 8) wherein they consent to the remand but object to an award of attorneys fees and costs. For the reasons explained herein, Plaintiff's motion should be granted in part and denied in part.

**DISCUSSION**

Plaintiffs, representing themselves *pro se*, filed a lawsuit in St. Bernard Parish against their insurance company and their mortgage company for Hurricane Katrina-related damages sustained to their property. In their Petition, Plaintiffs claimed that these damages exceeded $50,000. Defendants removed the case to this Court arguing the existence of diversity jurisdiction and stating that they *believed* the $75,000 amount in controversy was satisfied based on the damages claimed by Plaintiffs under the insurance policy and unspecified amounts for statutory penalties,

costs, attorneys fees, mental anguish, and medical expenses.

In their motion to remand, Plaintiffs point out that their homeowners policy only covered structural damage and only secured the amount of the outstanding mortgage, which was $51,930. Plaintiff assert that the insurance company paid them $19,219, which leaves $32,710 in controversy. Plaintiffs request attorney's fees and costs in their motion. Plaintiffs also filed a stipulation wherein they renounce their claim to damages in excess of $74,999.

In response, Defendants accepted the stipulation, consented to the remand, but objected to an award of attorneys fees and costs.

Thereafter, Plaintiffs filed a Motion for Attorney Cost explaining that they hired an attorney to draft the motion to remand (which Defendant ultimately acquiesced to) and were charged $750.00 for that service.

When a case originally filed in a Louisiana state court which does not contain an allegation of monetary damages asserted is removed to federal court, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir. 1999). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a

finding of the requisite amount."  Id. (internal quotations and citations omitted).

In the instant case, Plaintiffs filed a Stipulation (which the Court may consider if, as here, it determines that the amount in controversy is not facially apparent from the Petition), renouncing any portion of a judgment exceeding $74,999. Defendants have accepted that stipulation and have agreed to the remand.  However, the Court declines to award Plaintiffs costs and attorneys fees under 28 U.S.C. 1447(c) for having to file a motion to remand as it finds no impropriety in Defendant's removal.  Accordingly,

**IT IS ORDERED** that the **Motion to Remand and Request for Attorney's Fees and Costs (Rec. Doc. 5)** should be and is hereby **GRANTED IN PART and DENIED IN PART.** This case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana this 9th day of January, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3